**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

JUSTIN ETIER, et al.,

      Plaintiffs,

      v.                           CASE NO.  22-3067-SAC

DANIEL SOPTIC, et al.,

      Defendants.

**MEMORANDUM AND ORDER**

The Court finds that this matter is subject to dismissal for the reasons explained below. The Court further denies the Plaintiffs' Motion for Leave to Proceed in forma pauperis (Doc. 3) and Motion to Appoint Counsel (Doc. 4).

**I.  Nature of the Matter before the Court**

The Plaintiffs are three pretrial detainees confined at the Wyandotte County Detention Center ("WCDC") in Kansas City, Kansas.  The Plaintiffs proceed *pro se*.

Plaintiffs make general allegations about the conditions at the WCDC.  They claim the facility is outdated, understaffed, and overcrowded.  They also make general claims about the classification system and grievance procedures.

Plaintiffs also make allegations specific to  each Plaintiff.  Plaintiff Justin Etier claims that he was injured when a bunk bed became detached from the wall and injured his head.  Plaintiff Etier claims a failure to inspect the cells, that "Defendants" prevented him from receiving proper treatment for his injuries, and that they were negligent in failing to get him to a doctor.  (Doc. 1, at 26.)  Plaintiff Etier alleges that the Wellpath Defendants provided him with delayed and inadequate medical care.  *Id*. at 27.  He acknowledges that he received medical care, but claims he

1

should have been transferred to the ER.  He also disagrees with the medical care he received after being discharged from the hospital for an ankle injury.  *Id*. at 32.

Plaintiff Keyaun Lee alleges that when he was admitted to the WCDC around December 29, 2021, he advised staff of his need to regularly change his catheter and of his need for Depends due to his lack of bladder control.  *Id*. at 37.  He also advised the nurse of the medications he was currently taking and was told that they do not allow them and that he would be referred to a doctor.  *Id*.  He was advised to submit a sick call and to purchase Tylenol at the commissary.  *Id*.  Plaintiff Lee was seen by Dr. Omni in January 2022, and he was placed on chronic care and confined to the infirmary where his catheter would be changed twice a month, and he would be referred to a specialist.  *Id*.  Plaintiff Lee alleges that as of February 24, 2022, he still had the same catheter in and had not been seen by a specialist, resulting in him contracting a urinary tract infection and being hospitalized on three occasions.  *Id*. at 38.  Although Plaintiff Lee was prescribed an antibiotic, he claims he did not receive follow-up care.  *Id*.

Plaintiff Raul Lopez alleges that on December 28, 2021, when he sat down to eat lunch at his desk the stool suddenly snapped, causing him to fall backwards and hit his head.  *Id*. at 40. Plaintiff Lopez was transported to the hospital where he received pain medication and diagnostic testing.  *Id*. at 41.  Plaintiff Lopez alleges that he did not receive proper follow-up care and was left unattended for hours and eventually accused of faking his symptoms.  *Id*.  After being left unattended, he was returned to the Emergency Room where hospital doctors treated him with pain medication and diagnosed him with having a subdural hematoma.  *Id*. at 43.

Plaintiffs name the following defendants:  Daniel Soptic, former warden at the WCDC; Charles Patrick, Major at the WCDC; Tracy McColloch, Captain at the WCDC; the Wyandotte County Unified Government; the Board of County Commissioners of Wyandotte County, Kansas;

Wellpath; D. Dull, Wellpath Health Service Administrator; and (fnu) Omni, Wellpath Doctor. Plaintiffs seek various forms of relief, including assault and battery charges and injunctive relief in the form of ordering construction of a new facility.  *Id*. at 55–56.

## II.  Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity.  28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1)–(2).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  *West v. Atkins,* 487 U.S. 42, 48 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992).  A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers."  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  In addition, the court accepts all well-pleaded allegations in the complaint as true.  *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006).  On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based."  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to

relief" requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted).  The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).  The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals.  *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009).  As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief."  *Kay*, 500 F.3d at 1218 (citation omitted).  Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'"  *Smith*, 561 F.3d at 1098 (citation omitted).  "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

## III.  DISCUSSION

The Prison Litigation Reform Act requires that prisoners seeking relief in a non-habeas civil action in federal court must pay the full district court filing fee, albeit over time if the prisoner qualifies for *in forma pauperis* status.  28 U.S.C. § 1915(b)(1).  This Court has previously decided that prisoner plaintiffs may not undermine this statutory obligation by joining in the filing of a single action and that each prisoner plaintiff must file a separate action and pay the full district court filing fee.  *See Holder v. Kansas*, No. 07-3059-SAC, 2008 WL 199821, at *1 (D. Kan. Jan. 23, 2008) (citing *see e.g., Hubbard v. Haley,* 262 F.3d 1194 (11th Cir. 2001) (each prisoner must proceed in a separate action and be responsible for payment of the full district court filing fee) and *Pinson v. Whetsel,* No. CIV-06-1372-F, 2007 WL 428191(W.D. Okl. Feb. 1, 2007) (discussing difficulties if joinder of prisoner plaintiffs permitted)); *see also Davidson v. Thompson*, Case No. 18-3084-SAC, 2019 WL 1317465, at *2 (D. Kan. March 22, 2019) ("This Court has previously decided that prisoner plaintiffs may not undermine this statutory obligation by joining in the filing of a single action and that each prisoner plaintiff must file a separate action and pay the full district court filing fee.") (citation omitted).

In addition, Plaintiffs must comply with Rule 20(a)(1) regarding permissible joinder of plaintiffs.  *See Vreeland v. Raemisch*, Case No. 18-cv-02685-GPB, 2018 WL 10502075, at *1 (D. Colo. Oct. 31, 2018) (stating that "a multiple-plaintiff suit does not pass the two-part test of Rule 20(a)(1) where each plaintiff provides a different factual background giving rise to the joint cause of action") (citation omitted).  "In the context of prisoner litigation specifically, district courts also have found that the impracticalities inherent in multiple-plaintiff lawsuits militate against permissive joinder otherwise allowed by Rule 20(a)(1)."  *Id.* (citations omitted).  In this case, each Plaintiff asserts individual claims based on different factual backgrounds.

Further, the case cannot proceed as a class action with any *pro se* plaintiff, as class representative. "A court may not certify a class unless it determines 'the representative parties will fairly and adequately protect the interests of the class." *Lewis v. Clark*, 577 F. App'x 786, 793 (10th Cir. 2014) (citing Fed. R. Civ. P. 23(a)(4)). "When the court reviews the quality of the representation under Rule 23(a)(4), it will inquire not only into the character and quality of the named representative party, but also it will consider the quality and experience of the attorneys for the class." *Id.* (citation omitted). The Tenth Circuit in *Fymbo v. State Farm Fire and Casualty Co.*, 213 F.3d 1320 (10th Cir. 2000), concluded that a "litigant may bring his own claims to federal court without counsel, but not the claims of others" because "the competence of a layman is 'clearly too limited to allow him to risk the rights of others." *Id.* at 1321(citation omitted). Thus, a *pro se* plaintiff cannot adequately represent a class.

Plaintiffs must follow Rules 20 and 18 of the Federal Rules of Civil Procedure. Rule 20 governs permissive joinder of parties and pertinently provides:

> (1) ***Plaintiffs***. Persons may join in one action as plaintiffs if:
>
>> **(A)** they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>> **(B)** any question of law or fact common to all plaintiffs will arise in the action.
>
> (2) ***Defendants***. Persons . . . may be joined in one action as defendants if:
>
>> **(A)** any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>> **(B)** any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2). Rule 18(a) governs joinder of claims and pertinently provides: "A party asserting a claim . . . may join . . . as many claims as it has against an opposing party." Fed. R. Civ. P. 18(a). While joinder is encouraged for purposes of judicial economy, the "Federal Rules

do not contemplate joinder of different actions against different parties which present entirely different factual and legal issues." *Zhu v. Countrywide Realty Co., Inc.*, 160 F. Supp. 2d 1210, 1225 (D. Kan. 2001) (citation omitted).  The Court of Appeals for the Seventh Circuit held in *George v. Smith* that under "the controlling principle" in Rule 18(a), "[u]nrelated claims against different defendants belong in different suits." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (Under Rule 18(a), "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2.").

Requiring adherence in prisoner suits to the federal rules regarding joinder of parties and claims prevents "the sort of morass [a multiple claim, multiple defendant] suit produce[s]." *Id.* It also prevents prisoners from "dodging" the fee obligations and the three strikes provisions of the Prison Litigation Reform Act.  *Id.* (Rule 18(a) ensures "that prisoners pay the required filing fees— for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees.").

In sum, under Rule 18(a), a plaintiff may bring multiple claims against a single defendant. Under Rule 20(a)(2), he may join in one action any other defendants who were involved in the same transaction or occurrence and as to whom there is a common issue of law or fact.  He may not bring multiple claims against multiple defendants unless the prescribed nexus in Rule 20(a)(2) is demonstrated with respect to all defendants named in the action.

Plaintiffs must also comply with Fed. R. Civ. P. 8's pleading standards.  Rule 8 of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Plaintiffs' Complaint fails to comply with this rule.  "It is sufficient, and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis.  Only a generalized statement

of the facts from which the defendant may form a responsive pleading is necessary or permissible." *Frazier v. Ortiz*, No. 06-1286, 2007 WL 10765, at *2 (10th Cir. Jan. 3, 2007) (emphasis omitted) (quoting *New Home Appliance Ctr., Inc. v. Thompson*, 250 F.2d 881, 883 (10th Cir. 1957)).

Accordingly, this case may not proceed as filed and is dismissed without prejudice.  Each plaintiff must file a separate complaint accompanied by the full filing fee or a motion for leave to proceed *in forma pauperis* with the required supporting financial information.  The Court will then address in each case the individual plaintiff's payment obligations under § 1915(b) and will conduct an initial review of each complaint under §§ 1915(e)(2), 1915A.

The Court cautions the potential plaintiffs that there are additional problems with the Complaint as filed.  Each plaintiff needs to include factual allegations specific to his individual situation explaining how his constitutional rights were violated.  Moreover, those allegations need to outline how each named defendant personally participated in the alleged constitutional violations.

Plaintiffs' current Complaint makes numerous allegations about experiences of other inmates and claims on behalf of the inmate population in general.  It is well-settled that a § 1983 claim must be based on the violation of a plaintiff's personal rights and not the rights of someone else.  *Archuleta v. McShan*, 897 F.2d 495, 497 (10th Cir. 1990) (citations omitted).  To the extent Plaintiffs raise claims on behalf of others, a review of the allegations contained in the Complaint indicate they lack standing to do so.  To have standing, a prisoner must state "specific facts connecting the allegedly unconstitutional conditions with his own experiences [in the prison], or indicat[e] how the conditions caused him injury."  *Swoboda v. Dubach,* 992 F.2d 286, 289 (10th Cir. 1993).  "[G]eneral observations" about prison conditions are not actionable under 42 U.S.C. § 1983.  *Id.* at 289–90.

Such general grievances are best addressed to the legislative, not the judicial, branch. *Bd. of Cty. Comm'rs of Sweetwater Cty. v. Geringer,* 297 F.3d 1108, 1112 (10th Cir. 2002) (citing *Allen v. Wright,* 468 U.S. 737, 751 (1984)). Such claims should be dismissed for lack of prudential standing. *See, e.g., Whitington v. Ortiz,* 307 F. App'x 179, 191 (10th Cir. 2009) *(pro se* prisoner plaintiff "lack[ed] standing to attempt to re-regulate the entire CDOC system, or to sue directly or indirectly on behalf of anyone but himself"); *Martinez v. Mesa Cty. Sheriff's Dep't,* 69 F.3d 548 (Table), 1995 WL 640293 at *1 (10th Cir. 1995) (unpublished) (court is not empowered to decide "generalized grievances concerning prison management").

In addition, the current Complaint is a 58-page handwritten document and is not on the Court's approved form. Plaintiffs should keep these principles in mind when drafting their individual complaints. Their claims will be considered only to the extent they allege a violation of *their own* constitutional rights.

Also before the Court is a joint motion for leave to proceed in forma pauperis (Doc. 3). The motion consists of an undated poverty affidavit filled out by Plaintiff Etier and declarations by all three Plaintiffs. The motion is not on a court-approved form and does not include the 6-month trust account statement required by law. *See* 28 U.S.C. § 1915(a)(2). The Court denies the motion without prejudice. Each Plaintiff should file an individual motion with his individual complaint. The motions must be on court-approved forms and include the required financial information.

The Plaintiffs have also filed a motion to appoint counsel (Doc. 4). They claim they are unable to afford counsel, their claims are complex, and they have limited access to legal materials and limited knowledge of the law. The Court has considered Plaintiffs' motion for appointment of counsel. There is no constitutional right to appointment of counsel in a civil case. *Durre v.*

*Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989); *Carper v. DeLand*, 54 F.3d 613, 616 (10th Cir. 1995). The decision whether to appoint counsel in a civil matter lies in the discretion of the district court. *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006) (quoting *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)). It is not enough "that having counsel appointed would have assisted [the prisoner] in presenting his strongest possible case, [as] the same could be said in any case." *Steffey*, 461 F.3d at 1223 (quoting *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)).

In deciding whether to appoint counsel, courts must evaluate "the merits of a prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims." *Hill*, 393 F.3d at 1115 (citing *Rucks*, 57 F.3d at 979). The Court concludes in this case that (1) it is not clear at this juncture that Plaintiffs have asserted a colorable claim against a named defendant; (2) the issues are not complex; and (3) Plaintiffs appears capable of adequately presenting facts and arguments. Considering these factors, the Court denies the motion. As explained above, the case may not proceed as filed. Each Plaintiff who chooses to file an individual complaint may also file a motion for appointment of counsel, which the Court will consider.

**IT IS THEREFORE BY THE COURT ORDERED** that this matter is **dismissed without prejudice**.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for Leave to Proceed in forma pauperis (Doc. 3) and Motion to Appoint Counsel (Doc. 4) are **denied**.

The Clerk is directed to send § 1983 forms and instructions to each Plaintiff.

**IT IS SO ORDERED**.

**Dated April 22, 2022, in Topeka, Kansas.**

<u>**S/ Sam A. Crow**</u>
**Sam A. Crow**
**U.S. Senior District Judge**